UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JUAN CARLOS RIVERA,<br><br>        Plaintiff,<br><br>v.<br><br>BERG ELECTRIC CORPORATION and<br>MARCOS GARCIA,<br><br>        Defendants. | 2:08-cv–01176-PMP-LRL<br><br>**O R D E R** |

      Before the court are plaintiff's Answer to the Court and Defendant (#28), plaintiff's Motion to Show Court Inappropriate Conduct (#30), and plaintiff's Memorandum (#31) in Support of the Motion (#30). Defendant filed an Opposition (#36)[1] to the motion (#30). No reply was filed. Also before the court are defendant's Motion to Compel Plaintiff to Complete Deposition (#32) and Motion to Extend Discovery and Motion Deadlines (#33). Plaintiff filed an Opposition (#37) to the motion (#32), and defendant filed a Reply (#38).

      The four motions arise in the context of an employment discrimination action filed by pro se plaintiff, Juan Rivera ("Rivera"). Rivera's Complaint alleges discrimination; hostile work environment, including actual threats; and violations of the Occupational Safety and Health Act. Discovery closed on July 5, 2010. Order (#27). Dispositive motions are due August 4, 2010. *Id.*

**Plaintiff's Motion (#28)**

      It is not clear what Rivera wishes to accomplish through his Motion (#28). In it, he refers to Rules 26 and 34, and states he "has taken the required Disclosures by the plaintiff and yet to received

---

[1] Defendant's opposition (#36) adopts the arguments put forth in its Motion to Compel (#32) in opposition to plaintiff's motion (#30).

any pertinent information via the Defendants as Mr. Rivera took boxes of papers, pictures, audio empty medicine used by Mr. Rivera because of the injury sustain" and further gave defense counsel "ample time to secure any copies of the information and items taken to them by the plaintiff (for the duration of about 2 weeks)." The court cannot tell whether plaintiff means to bring a Motion to Compel pursuant to Rule 37 or whether he is demanding return of papers and other information. It is not the role of the court to guess at what a party requests. *See* Fed. R. Civ. P. 7(b)(1) (a motion must state with particularity the grounds for seeking the order; and state the relief sought); *see also* Local Rule 7-2. Rivera's Motion (#28) shall be striken.[2]

**Plaintiff's Motion to Show Inappropriate Conduct (#30)**

Plaintiff's Motion to Show Inappropriate Conduct is treated as a Motion to Terminate Deposition pursuant to Rule 30(d)(3). Plaintiff's deposition was held on May 25, 2010. Defendant took approximately three hours of deposition testimony then broke for lunch. Shortly into the afternoon session, plaintiff became upset, stated that defense counsel was "using improper defense tactics against Mr. Rivera, intimidation, scare tactics, honesty and ability, and using that against Mr. Rivera," and then left the deposition. *See* Exh. A to Mot. (#32), Tr. 140:25 - 141:2. Rivera also refused to answer several questions during the deposition. Mot. (#32) at 3. He filed the instant Motion to Show Inappropriate Conduct (#30) on May 27, 2010. Defendant represents that its counsel did not act inappropriately during the deposition and states, "the Court should not sanction the termination of the deposition and order that Plaintiff's deposition be resumed." Mot. (#32) at 3.

Rule 30(d)(3)(A) provides that a deponent may move to terminate a deposition if "it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent." The burden of proving such conduct lies with the objecting deponent. 7-30 Jeffrey W. Stempel, Moore's Federal Practice - Civil § 30.51 (2009). The irrelevancy of a question is not grounds

---

[2]Rivera further requests "the opportunity to have a court hearing in this Law Suit, with a jury of his peers." Should the instant law suit go to trial before a jury, it would do so only after other phases of litigation, including discovery, have been completed.

2

to instruct a witness not to answer the question, unless and until the nature of the questioning makes it obvious that it is necessary to stop the deposition and seek relief under Rule 30(d)(3) for being conducted in a manner evidencing bad faith, or to embarrass, annoy, or oppress the deponent. *In re Stratosphere Corp. Sec. Litig.*, 182 F.R.D. 614, 619 (D. Nev. 1998); *see* Rule 30(d). Notably, it is not the embarrassment or annoyance caused by unfavorable answers that is the controlling criterion under 30(d)(3), but the *manner* in which the interrogation is conducted that is the basis for refusing to proceed, followed by the required motion to seek relief. *In re Stratosphere*, 182 F.R.D. at 619. Likewise, the mere fact that more than one, or even that a series of irrelevant questions is asked does not, by itself, constitute the annoyance or oppression contemplated by (30)(d)(3). *Id.*

In his Memorandum (#31) in support of his Motion (#30), plaintiff argues that defense counsel "continued to interrupt the deposition of Plaintiff Juan Carlos Rivera, making suggestions as to what was the testimony of the plaintiff, interjecting his testimony into the record, attempting to clarify clear terms, and engaging in colloquy, which impeded the deposition to be as intended (correct)." Memo. (#31) at 1. Rivera cites several federal and state law cases in support of his theories. Most of his cases relate to the behavior of a *deponent's counsel* – not the deposing counsel.[3] Accordingly, those cases are not directly relevant to plaintiff's present assertions. Rivera also cites state law cases, which concern the relevant rules and practices in states other than Nevada. These are not relevant to the application of the Federal Rules of Civil Procedure or the laws and rules of the state of Nevada in this discovery dispute.

---

[3]*Hall v. Clifton Precision*, 150 F.R.D. 525 (E.D. Pa. 1993) (seeking the court's guidance as to the extent that the deponent's counsel could privately confer with his client during a deposition and as to whether counsel had a right to inspect documents that opposing counsel intended to show the deponent, so that he could review them with the client prior to deposition); *Wright v. Firestone Tire & Rubber Co.*, 93 F.R.D. 491 (W.D. Ky. 1982) (finding deponent's counsel obstructed discovery without substantial justification by repeatedly recording objections on grounds of relevancy and repeatedly interjecting inquiries into the meaning of defendant's questions despite any indication from the witness that the questions were unclear). Additionally, the court can find no correlation between the case, *Langston Corp. v. Standard Register Co.*, 553 F. Supp. 632 (N.D. Ga. 1982) (regarding issue of whether defendants committed a per se violation of anti-trust statute), and plaintiff's assertions of abuse in the deposition process.

3

Rivera has not met his burden of proving that the deposition was conducted in bad faith or in an unreasonably annoying or oppressive manner. He does not point to specific facts which support a finding that defense counsel engaged in improper conduct at the deposition. For example, Rivera alleges that defense counsel made belittling remarks about Rivera and made fun of Rivera's testimony, Mot. (#30) at 2, but he does not point to any specific statement of counsel. The court has reviewed the entire transcript of the deposition, Exh. A to Mot. (#32), and does not find that defense counsel acted improperly while deposing plaintiff. Defense counsel may have posed questions that Rivera did not want to answer, but that fact alone does not constitute the annoyance or embarrassment contemplated under Rule 30(d)(3). *See In re Stratosphere*, 182 F.R.D. at 619. Plaintiff's Motion to Show Inappropriate Conduct (#30) will be denied.

**Defendant's Motion to Compel Plaintiff to Complete Deposition (#32)**

Defendant's Motion to Compel Plaintiff to Complete Deposition (#32) seeks an order compelling Rivera to complete his deposition and to provide answers to specific questions posed during the deposition. Defendant maintains that plaintiff improperly terminated his May 25, 2010, deposition and improperly refused to answer certain questions regarding non-privileged matters. Defendant specifically notes five categories of information which Rivera declined to provide at his deposition: (1) a person whom he stated could establish that defendant was involved in getting plaintiff fired; (2) the person at Clark County who Rivera claimed was threatening his life; (3) the identity of a witness to Rivera's alleged harassment at work; (4) the identity of a family friend who typed a summary of a telephone voice messages which was filed in the case and used as an exhibit at the deposition; and (5) to the extent he can recall, the name of the person who allegedly told Rivera about defendant's protocol relating to employee evaluations. Mot. (#32) at 3. Rivera filed an Opposition (#37) to the motion (#32); however, the substance of the opposition is not directly responsive to the arguments raised in the motion (#32). Rather, the opposition largely mirrors and repeats the arguments in Rivera's Motion to Show Inappropriate Conduct (#30).

The court has broad discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681,

685 (9th Cir. 1988). The scope of discovery is governed by Rule 26, which allows "discovery regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." Fed. R. Civ. P. 26(b)(1). Relevancy is to be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted); *see also* Fed. R. Civ. P. 26(b)(1). Rule 30(c)(2) provides that "[a] person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Pursuant to rule 37(a)(3)(B)(i), the court may order a party to answer a question that a deponent failed to answer at deposition.

Here, Rivera refused to answer questions that relate to his employment discrimination and hostile work environment claims. Rivera does not argue that the information sought is privileged, nor does it appear on its face to be so. Nor are the questions irrelevant so as to be outside the scope of proper discovery, or unduly burdensome, or designed to harass or embarrass. Defendant's Motion to Compel (#32) will therefore be granted. Rivera must complete his deposition. Rivera will also be ordered to answer the five categories of questions that defendant listed in its Motion to Compel (#32).

**Defendant's Motion to Extend Discovery and Motion Deadlines (#33)**

Through its Motion (#33), defendant asks the court to extend the discovery and motions deadlines in this case. Pursuant to Order (#27), discovery closed on July 5, 2010. Dispositive motions are due by August 4, 2010. In light of the incomplete deposition and other outstanding discovery, defendant asks that the discovery deadline be extended to September 30, 2010 and the deadline for dispositive motions be extended to October 30, 2010. In his Opposition (#37), Rivera did not oppose defendant's request to extend the deadlines in this case, nor did he file a separate response to the motion (#33). "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." For that reason, and for good cause otherwise shown, defendant's Motion to Extend Discovery and Motions Deadlines (#33) will be granted.

Accordingly, and for good cause shown,

5

1  IT IS ORDERED that plaintiff's Answer to the Court and Defendant (#28) is stricken.

2  IT IS FURTHER ORDERED that plaintiff's Motion to Show Court Inappropriate Conduct (#30) is DENIED.

3  IT IS FURTHER ORDERED that defendant's Motion to Compel Plaintiff to Complete Deposition (#32) is GRANTED. Plaintiff shall complete his deposition at a time and location convenient to the parties. Plaintiff is ordered to provide complete responses to the five categories of questions set forth by defendant in its Motion (#32) at page 3.

4  IT IS FURTHER ORDERED that defendant's Motion to Extend Discovery and Motion Deadlines (#33) is GRANTED. <u>Discovery shall close on **September 30, 2010**. Dispositive motions are due by **October 30, 2010**</u>.

DATED this 28th day of July, 2010.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**